IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Paul Gary Wilson, *et al.*, | : | |
| Plaintiffs | : | Civil Action 2:12-cv-1203 |
| v. | : | Judge Graham |
| Columbia Gas Transmission, LLC, | : | Magistrate Judge Abel |
| Defendant | : | |

## Status and Scheduling Conference Order

On February 25, 2015, counsel for the parties participated in a status and scheduling conference with the Magistrate Judge.

Settlement. The parties have participated in two private mediations, the first in June and the second in December 2014. The mediator continues to engage the parties in a discussion about a mechanism for reaching a resolution of this lawsuit.

Discovery. Defendant will soon begin a rolling production of documents. The goal is to complete the production within the next 6-8 weeks. Leases are in an image database, and defendant's counsel are trying to find a way to give plaintiffs' counsel Columbia Gas Transmission's Ohio lease database. Defendant's counsel also agreed to look and try to determine the most efficient way to tie individual leases to the storage field maps so that specific properties could be quickly located. The property descriptions in many of the older leases are too general to easily tie the lease to a specific parcel today.

Plaintiffs' counsel have gathered most documents responsive to defendant's document requests and will produce them shortly.

Pending motions to dismiss. Defendant Columbia Gas Transmission's counsel said that the following motions to dismiss are awaiting decision.

- Doc. 248. Counterclaim plaintiff Columbia Gas Transmission's August 28, 2013 motion to dismiss the counterclaim filed by counterclaim defendant Sarah J. Murphy (doc. 225). This motion was **MOOTED** by Columbia Gas Transmission's second amended counterclaim (doc. 288).

- Doc. 252. Counterclaim plaintiff Columbia Gas Transmission's **unopposed** September 6, 2013 motion to dismiss the counterclaims filed by counterclaim defendants Robert F. Watkins, Florence L. Watkins, and the Watkins Family Trust (doc. 230), Matthew & Brett, LLC (doc. 231), Vincent H. Cicconetti (doc. 232), The Kopp Principal Protection Trust and John M. Kopp (doc. 233), James F. Denny and Martha L. Denny (doc. 234), Jr. Me, LLC (doc. 235), Kathleen M. Morris and William E. Morris doc. 236), Carolyn T. Brown and The Carolyn T. Brown Revocable Trust (doc. 237), Frank D. Goodwill and Diane Goodwill (doc. 238), Gregory A. Henley and Sue A. Henley (doc. 239), and Larry R. Lorentz and Nancy J. Lorentz (doc. 240). The Lorentzes concede that their property is under lease to Columbia Gas Transmission. It is ORDERED that if any land owner wants to file a brief responding to doc. 252, they must do so on or before **March 11, 2015.** Defendant will file a reply within rule.

- Doc. 254. Columbia Gas Transmission's September 17, 2013 motion to dismiss for lack of jurisdiction and failure to state a claim Virginia Holding Corporation's counterclaim.

- Doc. 273. Counterclaim plaintiff Columbia Gas Transmission's **unopposed**[1] April 18, 2014 motion to dismiss certain counterclaim defendants because they already possess the rights the counterclaim seeks to condemn. This motion to dismiss is based on leases. Plaintiffs do not contest the motion to dismiss as to the Armstrongs. The Lorentzes have responded (doc. 284).

- Doc. 283. May 16, 2014 motion to dismiss or, in the alternative, to transfer to the Northern District of Ohio, filed by counterclaim defendants Richard Baatz, Laurie Baatz, Ramsey Atlasy, Kimberly Atlasy, Richard Reuss, Karen Shrimpton, Jesse Saksa, Melissa Saksa, Susan M. Lee, Richard Sunderman, Alfredo Cipro, Tina Cipro, John Racco, Laurie Racco, Robert Newman, Anna Newman, Joseph

---

[1] The Lorentzes have filed an opposition to the motion to dismiss (doc. 284).

Kostohryz, Lisa Kostohryz, John Schaller, Kelly Schaller, Gregory Roten, Stacey Roten, Kevin Swantek, Wendy Swantek, Bradley Klingbiel, Brooke Klingbeil, Paul Eierdam, Arliss Eierdam, William Cogar, Kathrine Cogar, George Rogers, and Ellen Rogers (collectively the "Medina Landowners"). **Mooted by second amended counterclaim.**

- Doc. 290. Medina Landowners' June 19, 2014 motion to dismiss the second amended counterclaim (doc. 275) or, in the alternative to transfer to the Northern District of Ohio.

- Doc. 352. Motion to strike counterclaim (doc. 288).

- Doc. 356. Motion for reconsideration of doc. 347 (July 30, 2014 Order). Defendant objects to language contained in the magistrate judge's approved Rule 71.1 notice to be served on some 400 as yet unserved counterclaim defendants. Defendant argues that the following language in the fourth bullet of the notice could be read as an admission by Columbia Gas Transmission:
    > Columbia Gas previously got a permit from the Federal Energy Regulatory Commission to use the underground formation to store its natural gas. **Columbia Gas is storing gas in the underground formation, and it is required to compensate you, as the landowner, for using your property to store its natural gas.**

    (Emphasis added.) Columbia argue that this could be read as an admission or a finding by the court that it is, in fact, storing gas beneath the parcel. Second, defendant argues that the notice should include a statement that if the counterclaim defendant does not respond to the counterclaim, the counterclaim defendants "will then be given notice of all later proceedings involving the compensation to be paid to you."

    The motion to reconsider (doc. 356) is GRANTED to the following extent. The notice should begin the second sentence bolded above with "If": If Columbia Gas is storing gas in the underground formation, and it is required to compensate you, as the landowner, for using your property to store its natural gas.

    As to the second objection, it is not accurate to say that the counterclaim defendants will be given notice of all later proceedings. The notice already advises the counterclaim defendants that their failure to an acts as consent to taking their interest in the underground natural gas storage geological formation. I do ORDER that the last bullet of the notice be amended to include the following two sentences:
    > If you provide this information, the Court will provide you with notice at your mailing address of any hearing that may be ordered at which evidence will be taken to determine the

> compensation you are legally entitled to for the taking of the underground formation for storing natural gas. You have the right to appear at that hearing and offer evidence about the amount of just compensation you are entitled to receive.

- <u>Doc. 402</u>. Columbia Gas Transmission's motion to dismiss Virginia Holding Corporation's counterclaim.

<u>Status report due</u>. Counsel will contact the new Magistrate Judge assigned to this case on or before **April 22, 2015** to schedule another status conference to discuss scheduling and any discovery disputes they have been unable to resolve informally.

<u>s/Mark R. Abel</u>
United States Magistrate Judge
