**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **PAUL GARY WILSON, *et al.*,** | | |
| **Plaintiffs,** | : | |
| **v.** | : | **Case No. 2:12-cv-01203** |
| | : | **Judge James L. Graham** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| **COLUMBIA GAS TRANSMISSION, LLC, *et al.*,** | : | |
| **Defendants.** | | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant/Counterclaimant Columbia Gas Transmission, LLC's Motion to Substitute Transferees pursuant to Federal Rule of Civil Procedure 71.1(g). (ECF No. 958.) The purpose of this motion is to substitute the current landowners who received their ownership interest in the specific properties at issue subsequent to the stay entered in this matter. Pursuant to Rule 71.1(g), the Undersigned held a hearing on the motion on November 5, 2026. Counsel for Columbia appeared. No landowner objected to the substitution request.[1] Thereafter, on November 11, 2026, at the Undersigned's request, Columbia filed a supplemental Notice indicating that a small subset of property owners[2] listed in the Motion to Substitute should not be substituted. (ECF No. 1058.)

[1] Two landowners appeared at the November 5, 2026, hearing but indicated they did not object to Columbia's request to substitute the owners.

[2] These properties and owners are as follows: (1) FAIRFIELD COUNTY, BERNE TOWNSHIP PARCEL IDENTIFICATION NUMBER 004-00692.00 (owned by Rebecca S. Hammond Trustee of the Twins Family Trust DTD 3-29-23); (2) HOCKING COUNTY, FALLS TOWNSHIP PARCEL IDENTIFICATION NUMBER 02-001782.0000 (020017820000) (owned by Cinda Proctor); (3) FAIRFIELD COUNTY, BERNE TOWNSHIP PARCEL IDENTIFICATION NUMBER 004-00706.00 (owned by Jerry E. Raymond); (4) FAIRFIELD COUNTY, BERNE TOWNSHIP PARCEL IDENTIFICATION NUMBER 007-01723.00 (owned by Handlebar and Grill on Main LLC); (5)

Upon consideration of Columbia's filings and representations during hearing, and for the reasons that follow, the Undersigned **RECOMMENDS** that the Court **GRANT** the Motion to Substitute, with the exception of the eight parcels and their owners identified in Columbia's November 11, 2026, Notice.

Substitution of parties in a land condemnation case is governed by Federal Rule of Civil Procedure 71.1(g) which states:

> If a defendant dies, becomes incompetent, or transfers an interest after being joined, the court may, on motion and notice of hearing, order that the proper party be substituted. Service of the motion and notice on a nonparty must be made as provided in Rule 71.1(d)(3).

Fed. R. Civ. P. 71.1(g).

"Courts have interpreted Rule 71.1(g) as requiring serving notice of the action on the proposed substitute parties. Rule 71.1(d)(3) requires personal service of the notice, without a copy of the complaint, to be made in accordance with Rule 4." *United States v. 0.17 Acres of Land*, No. 7:09-CV-9, 2019 U.S. Dist. LEXIS 242684, at *1–2 (S.D. Tex. Feb. 28, 2019). Service is effectuated under Rule 71.1(d)(3) as follows:

> **(A)** Personal Service. When a defendant whose address is known resides within the United States or a territory subject to the administrative or judicial jurisdiction of the United States, personal service of the notice (without a copy of the complaint) must be made in accordance with Rule 4.
>
> **(B)** Service by Publication.
>
> > **(i)** A defendant may be served by publication only when the plaintiff's attorney files a certificate stating that the attorney believes the defendant cannot be personally served, because after diligent inquiry within the state

HOCKING COUNTY, GOOD HOPE TOWNSHIP PARCEL IDENTIFICATION NUMBER 05-000276.0000 (owned by Ruth Murray and Donna Voelkel, Trustees of the Murray-Voelkel Trust dated 2004); (6) MEDINA COUNTY, MEDINA CITY, PARCEL IDENTIFICATION NUMBER 029-19A-11-065 (owned by Kristin Brill); (7) MEDINA COUNTY, MEDINA CITY, PARCEL IDENTIFICATION NUMBER 029-19A-15-084 (owned by Rafael Morales Sanchez and Yashira M. Vega); and (8) LORAIN COUNTY, WELLINGTON STORAGE PARCEL IDENTIFICATION NUMBER 15-00-049-000-058 (1500049000058) (owned by Richard E. and Patricia A. Pendleton).

> where the complaint is filed, the defendant's place of residence is still unknown or, if known, that it is beyond the territorial limits of personal service. Service is then made by publishing the notice—once a week for at least three successive weeks—in a newspaper published in the county where the property is located or, if there is no such newspaper, in a newspaper with general circulation where the property is located. Before the last publication, a copy of the notice must also be mailed to every defendant who cannot be personally served but whose place of residence is then known. Unknown owners may be served by publication in the same manner by a notice addressed to "Unknown Owners."
>
> **(ii)** Service by publication is complete on the date of the last publication. The plaintiff's attorney must prove publication and mailing by a certificate, attach a printed copy of the published notice, and mark on the copy the newspaper's name and the dates of publication.

Fed. R. Civ. P. 71.1(d)(3).

At the hearing, Columbia's counsel proffered that all parties listed in its Motion to Substitute were properly served either by personal service or through publication if an address could not be located for the owner. (*See also* ECF Nos. 1051, 1046, 999, 989, 984, 982–62.) Thereafter, Columbia provided a supplemental notice indicating that eight parcels and their respective owners should be excluded from substitution because they either (1) did not receive service of the Motion and Notice of Hearing after further confirmation or (2) the property associated with them has been dismissed from the action so the substitution is moot. (ECF No. 1058.) Upon confirmation of the same, the Undersigned **RECOMMENDS** that Columbia's Motion to Substitute be **GRANTED**, and that the parcel owners be substituted as outlined in Columbia's Motion (ECF No. 958), with the exception of the eight properties outlined in the November 11, 2026, Notice (ECF No. 1058.)

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting

authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**